## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| NORTH SHORE LOSS CONSULTING LLC, on behalf of ARTHUR BANIA, | |
| Plaintiff, | No. 25-cv-3788 |
| v. | Judge Mary M. Rowland |
| ERIE INSURANCE COMPANY, | |
| Defendant. | |

### MEMORANDUM OPINION AND ORDER

Plaintiff North Shore Loss Consulting LLC ("North Shore") has filed a complaint alleging breach of contract ("Count I") and seeking relief under Section 155 of the Illinois Insurance Code ("Count II"). Before the Court is Defendant Erie Insurance Company's ("Erie") motion to dismiss Count II. [5]. For the reasons stated herein, Erie's partial motion to dismiss [5] is granted.

### I.    Background

The following factual allegations are taken from the operative complaint [1] and accepted as true for the purposes of the motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021).

Erie is a Pennsylvania corporation that underwrites and issues property and casualty insurance policies in Illinois. [1] at 2, 11, ¶ 3. During the time relevant to this action, Arthur Bania, a resident of Illinois, maintained insurance coverage on a property (the "Property") through Erie. *Id*. at 11, ¶ 5. On or around August 18, 2023, the Property was damaged by hail and wind, and that damage was timely reported

1

to Erie. *Id*. at 12, ¶ 8. Bania then assigned his claim with Erie to North Shore. *Id*. at 12, ¶ 9. North Shore brought this claim in the Circuit Court of Cook County and Erie subsequently removed it to federal court. *See generally id*.

North Shore brings two claims against Erie. In Count I, North Shore alleges that Erie violated its insurance policy with Bania by providing Bania with only partial payment for the damage the Property sustained. In Count II, North Shore seeks relief under Section 155 of the Illinois Insurance Code, which allows a policyholder to recover attorneys' fees and other costs when an insurer acts vexatiously and unreasonably in refusing to pay a claim. 215 ILCS 5/155. North Shore alleges that Erie acted unreasonably in the following ways:

> (a) Failing to pay Bania all amounts due under the insurance policy within 40 days of the loss, which constitutes an unreasonable delay in paying the Claim as a matter of law, in violation of the regulations promulgated by the Illinois Director of Insurance within Section 919.80(d)(7)(A) of the Illinois Administrative Code;

> (b) Failing to acknowledge with reasonable promptness pertinent communications with North Shore with respect to the Claim arising under the Policy, in violation of section 154.6(b) of the Illinois Insurance Code;

> (c) Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, a Claim in which liability was reasonably clear, in violation of section 154.6 of the Illinois Insurance Code;

> (d) Failing and refusing to pay all of Bania's covered loss to the Property due and owing under the Policy without conducting a full, fair, and objective investigation based on all available facts and circumstances, in violation of its internal claims policies, practices, and procedures and in violation of Section 154.6(h) of the Illinois Insurance Code; and

2

(e) Failing to provide a written estimate prepared by Erie to North Shore in connection with the Claim, in violation of Section 154.6 of the Illinois Insurance Code

*Id*. at 13-14, ¶ 22.

## II.    Standard

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] all well-pleaded facts as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Lax*, 20 F.4th at 1181. However, the court need not accept as true "statements of law or unsupported conclusory factual allegations." *Id*. (quoting *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021)). "While detailed factual allegations are not necessary to survive a motion to dismiss, [the standard] does require 'more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action to be considered adequate.'" *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (quoting *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016)).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Deciding the plausibility of the claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

## III. Analysis

Section 155 of the Illinois Insurance Code "provides an extracontractual remedy for policyholders who have suffered unreasonable and vexatious conduct by insurers with respect to a claim under [a] policy." *Creation Supply, Inc. v. Selective Ins. Co. of the Se.*, 995 F.3d 576, 579 (7th Cir. 2021). "The key question in a [Section 155] claim is whether an insurer's conduct is vexatious and unreasonable. An insurance company does not violate the statute merely because it unsuccessfully litigates a dispute involving the scope of coverage or the magnitude of the loss." *McGee v. State Farm Fire & Cas. Co.*, 734 N.E.2d 144, 151 (Ill. App. Ct. 2000). Further, a policyholder cannot recover under Section 155 when there is a "*bona fide* dispute" regarding coverage. *Id*. Relevant factors in determining whether an insurer acted unreasonably include "the insurer's attitude, whether the insured was forced to file suit to recover, and whether the insured was deprived of the use of its property." *Mobil Oil Corp. v. Maryland Cas. Co.*, 681 N.E.2d 552, 558 (Ill. App. Ct. 1997). To recover damages under Section 155, the insurer's conduct must be "willful and without reasonable cause." *Souza v. Erie Ins. Co.*, 2023 WL 4762712, at *6 (N.D. Ill. July 25, 2023).

4

Erie argues that dismissal is appropriate for two reasons. First, Erie argues that North Shore alleges "little more than simple recitations of the codes Erie supposedly violated." [5] at 6. Second, Erie argued in its opening brief that there is a *bona fide* dispute between the parties and Count II should thus be dismissed with prejudice. [5] at 6-7. In its reply, Erie abandoned this second argument. [12] at 1.

As to the first argument, Erie is correct. Courts in this district have held that conclusory allegations that an insurer violated various provisions of the Illinois Insurance Code, like North Shore's allegations here, are insufficient to state a claim for relief under Section 155. *See 9557, LLC & River W. Meeting Assocs., Inc. v. Travelers Indem. Co. of Connecticut*, 2016 WL 464276, at *4 (N.D. Ill. Feb. 8, 2016); *see also Bao v. MemberSelect Ins. Co.*, 2022 WL 1211509, at *5 (N.D. Ill. Apr. 25, 2022). Here, North Shore does not allege any unreasonable or vexatious conduct beyond conclusory claims that Erie violated various statutory provisions. [1] at 13-14, ¶ 22.[1]

North Shore compares its allegations to those in *Wheeler*, where the court allowed a claim under Section 155 to proceed after finding that the complaint "provid[ed] a detailed list of allegations that . . . amount[ed] to vexatious and unreasonable conduct." *Wheeler v. Assurant Specialty Prop.*, 125 F. Supp. 3d 834, 841 (N.D. Ill. 2015). Indeed, the *Wheeler* plaintiff *did* provide specific factual allegations amounting to vexatious and unreasonable conduct, including allegations that the

---

[1] *Compare, e.g.*, [1] at 13-14, ¶ 22(b) (alleging that Erie "[f]ail[ed] to acknowledge with reasonable promptness pertinent communications with North Shore with respect to the Claim arising under the Policy") *with* 215 ILCS 5/154.6 (making it improper to "[f]ail[] to acknowledge with reasonable promptness pertinent communications with respect to claims arising under its policies.")

insurer refused to pay after the insurer's own agent determined it was liable. Compl. ¶ 56(d), *Wheeler v. Assurant Specialty Prop.*, No. 15-cv-673, ECF No. 35. However, here, unlike the *Wheeler* plaintiff, North Shore does not allege any vexatious or unreasonable conduct beyond reciting conclusive violations of different statutory provisions. *Wheeler* is thus unpersuasive.

North Shore alleges Erie failed to promptly pay Bania all amounts due, failed to timely respond to correspondence from North Shore, failed to resolve Bania's claim promptly, and failed to provide North Shore a written estimate (although it seemingly provided one to Bania). Compl. ¶ 22(a)-(e). These allegations track the statute, but they do not allege vexatious conduct. *Compare McGee* 734 at 151 (insurer acted vexatiously and unreasonably by *misrepresenting* contents of insurance policy and delaying payment even after determining that damage was covered by the policy rose to the level of vexatious and unreasonable conduct); *Markel Am. Ins. Co. v. Dolan*, 787 F. Supp. 2d 776, 779 (N.D. Ill. 2011) (allegations that insurer *misrepresented* facts, *refused* to conduct an adequate investigation, and based its decision upon incomplete information were sufficient to plausibly allege unreasonable and vexatious conduct); *Souza v. Erie Ins. Co.*, 2023 WL 4762712, at *7 (N.D. Ill. July 25, 2023) (allegations that insurer *deliberately manipulated* its pricing software to suppress cost of repairs were sufficient to state a Section 155 claim) *with Bao*, 2022 WL 1211509 at *4 (allegations that insurer was delayed in communicating with insured and acted in bad faith absent facts demonstrating how insurer acted in bad faith were insufficient to state a claim); *Scottsdale Ins. Co. v. City of Waukegan*, 2007 WL 2740521, at *2

(N.D. Ill. Sept. 10, 2007) (dismissing Section 155 claim where complaint does not allege anything "inherently vexatious or unreasonable" about insurer's conduct). Accordingly, Count II is dismissed without prejudice.

Finally, as the Court noted above, Erie abandoned its argument that the claim should be dismissed because a *bona fide* dispute exists. North Shore argued that the Court should strike Erie's motion to dismiss in its entirety because Erie relied on facts contained outside the complaint in arguing that there existed a *bona fide* dispute. Given that Erie abandoned this argument on reply, and that motions to strike are disfavored, *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)), the Court declines North Shore's invitation to strike the motion to dismiss.

## IV. Conclusion

For the stated reasons, Defendant's partial motion to dismiss [5] is granted. Plaintiff may file an amended Count II that strictly complies with this order by November 7, 2025.

E N T E R:

Dated: October 17, 2025

MARY M. ROWLAND
United States District Judge

7